UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                      :

DINA CHERIE DENHAM,            :      CASE NO. 1:04cv1721

         Petitioner,             :

vs.                                    :      ORDER AND OPINION
                                      :      [Resolving Doc. Nos. 1, 16]

UNITED STATES OF AMERICA,    :

         Respondent.          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Petitioner Dina Cherie Denham's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Doc. 1]. The Government opposed Denham's motion, and Denham replied. [Docs. 14, 15]. This Court referred the case to Magistrate Judge George J. Limbert under Local Rule 72.1. On December 29, 2004, Magistrate Judge Limbert filed a Report and Recommendation. [Doc. 16]. With that Report and Recommendation, the Magistrate Judge recommends that this Court deny Denham's motion. The petitioner objected to the Magistrate Judge's findings, and the Government responded. [Docs. 17, 18]. For the reasons provided below, the Court adopts the Magistrate Judge's Report and Recommendation and **DENIES** Denham's motion.

I. Background

On December 17, 2002, the Government filed a seven-count indictment against Petitioner Denham and two co-defendants in case number 02cr505. [Crim. Doc. 1]. The indictment charged Denham with two counts. Count 3 charged Denham with bank robbery by force or violence in

-1-

Case No. 1:04cv1721
Gwin, J

violation of 18 U.S.C. §§ 2 and 2113(a) and (d). Count 7 charged Denham with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The charges against Denham arose out of the 2001 robbery of a Metropolitan Savings Bank branch in Euclid, Ohio, the deposits of which were FDIC insured. The Government charged that the defendants used firearms during the robbery and stole $12,124.00 in bank funds.

Denham pled not guilty to the charges on June 2, 2003. [Crim. Doc. 54]. Federal Defender Charles Fleming represented Denham at her arraignment. On July 21, 2003, Denham pled guilty to the conspiracy charge in Count 7, pursuant to a written plea agreement. [Doc. 14, ex. 2]. As part of the plea agreement, the Government agreed to dismiss Count 3 at the time of sentencing. Attorney Fleming represented Denham at her change-of-plea hearing. [Crim. Doc. 147].

At the change-of-plea hearing, the Court advised Denham of the nature of the conspiracy charge in Count 7. *Id.* at 3. The Court advised Denham of her rights to a jury trial, to confront and subpoena witnesses, to not testify against herself, and to the assistance of counsel. *Id.* at 3-6. Denham understood that she waived those rights by pleading guilty pursuant to the plea agreement. Denham also understood that the Government had the burden to prove her guilt by proof beyond a reasonable doubt. *Id.* at 5. As to Federal Defender Fleming, Denham confirmed that (1) she was happy with the representation he provided, (2) he discussed ways to defend the charges against her, (3) she had no complaints about his representation, and (4) he was effective and diligent. *Id.* at 6-7. Denham also stated that she understood the plea agreement.

The Court also discussed with Denham the sentencing calculations set forth in the plea agreement. *Id.* at 7. During this exchange, Denham stipulated to the facts supporting three offense level enhancements:

Case No. 1:04cv1721
Gwin, J

The Court: And you also make certain -- under Criminal Rule 11(c)(1)(C), you also make a certain agreement as to the offense level calculations?

Denham: Yes.

The Court: Do you stipulate that the base offense level should be set at 20?

Denham: Yes.

The Court: Do you further stipulate that the financial institution was involved in the theft?

Denham: Yes.

The Court: As a result, do you stipulate there should be a two-level increase to 22?

Denham: Yes.

The Court: Was the loss incurred by this financial institution greater than $10,000?

Denham: To my understanding, yes.

The Court: Well, was it or wasn't it?

Denham: Yes.

The Court: And for that reason, do you stipulate that there should be another one-level increase to the offense level of 23?

Denham: Yes.

The Court: Do you further stipulate that two victim tellers and the bank manager suffered physical injuries as a result of this bank robbery as to which you conspired?

Denham: Yes.

The Court: For that reason, do you stipulate that there should be a further two-level increase?

Denham: Yes.

The Court: To the level of 25?

Denham: Yes.

Case No. 1:04cv1721
Gwin, J

*Id.* at 8-9.[1] Denham understood that the Government would recommend a two-level reduction to 23 based on her continuing acceptance of responsibility. *Id.* Denham also understood that there was no agreement as to her criminal history. *Id.* at 9-10.

The Court also discussed Denham's sentences on armed bank robbery and firearm charges in the Central District of California. In the California case, Denham received a term of incarceration of 84 months for the robbery charge, and 60 months for the firearm charge. *Id.* at 10. Denham confirmed that as part of her plea agreement, the parties agreed that 36 months of the sentence imposed in this case would run consecutively to the sentence imposed in the Central District of California. *Id.* at 11. Further, Denham agreed not to seek a downward departure, and the Government agreed not to seek an upward departure. *Id.* Denham also acknowledged that as part of the plea agreement, she waived the right to appeal the consecutive sentence in this case, except for claims of a sentence in excess of the statutory maximum, an upward departure, or objections to her criminal history calculation. *Id.* At the close of the hearing, Denham pled guilty to Count 7. *Id.* at 15.

Petitioner Denham appeared before the Court for sentencing on August 26, 2003. Attorney Fleming represented Denham at the sentencing. At the start of the sentencing, the Court granted the defense's motion to amend the offense level calculation in paragraph 31 of the presentence report. [Crim. Doc. 146 at 3]. Paragraph 31 recommended a six-level increase because Denham's co-defendants used a firearm during the robbery. The defense argued that there was no evidence Denham knew a firearm would be used during the robbery, and the Government and Court agreed. *Id.*

---

[1] The plea agreement included the offense level and factual stipulations.

Case No. 1:04cv1721
Gwin, J

The Court set the base offense level at 20, and increased the offense level by two to 22 because the robbery involved a financial institution. *Id.* at 4. The Court added another two-level increase to 24 because one of the robbery victims sustained bodily injury. *Id.* The Court then increased the offense level by one to 25, because the bank sustained a loss of more than $10,000, but less than $50,000. *Id.* The Court then granted a three-level reduction to 22 for acceptance of responsibility. The Court set Denham's criminal history points at 13, and her Criminal History Category at VI.

Federal Defender Fleming reminded the Court that in the plea agreement the parties agreed that a five-year sentence would be the appropriate disposition of the case, with two years running concurrent with her 12-year sentence in the Central District of California. *Id.* at 5. Fleming expressed regret on Denham's behalf and asked the Court to recommend that she serve her sentence in California to be near her family. *Id.* at 6. Fleming also asked that the Court grant Denham credit for time served and not impose a fine. *Id.* at 7.

The Court sentenced Petitioner Denham to 60 months' incarceration, with 36 months of the sentence to run consecutively with her sentence in the Central District of California. The Court also ordered Denham to attend outpatient drug, alcohol, and mental health treatment, and imposed a three-year term of supervised release. The Court waived the imposition of fine and ordered Denham to pay a $100 special assessment. *Id.* at 8-10. The Court also granted the Government's motion to dismiss the robbery charge in Count 3 of the indictment. *Id.* at 11.

On August 20, 2004, Petitioner Denham filed the instant § 2255 motion to vacate, set aside, or correct her sentence. [Doc. 1]. In her motion, the petitioner asserts two grounds for relief:

> **GROUND ONE: Sixth Amendment Violation. Ineffective Assistance of Counsel at Sentencing.**

Case No. 1:04cv1721
Gwin, J

> Defense Counsel Charles E. Fleming's representation was exceptional up until the time of sentencing. Because Defense Counsel Charles E. Fleming was not familiar with the Sixth Amendment to the constitution, Defendant Dina Denham (Hereinafter, "Denham") was enhanced by the Probation Department. The Court adopted the Probation Department's findings regarding the enhancements in Denham's PSI/PSR and sentenced Denham to 60 months. Defense Counsel did not present a sixth amendment argument at sentencing.
>
> **GROUND TWO: Fifth Amendment Violation/Due Process. Sixth Amendment Violation/Ineffective Assistance of Counsel**.
>
> The Probation Department determined that a level 20 was to be used for sentencing purposes. However, the Probation Department added 2 points for Special Offense Characteristic pursuant to § 2B3.1(b)(1), 2 points for § 2B3.1(b)(3)(A), and 1 point for § 2B3.1(b)(7)(B). The end result, even with a 3 point reduction for acceptance of responsibility was a Level 22 and Criminal History Category of VI.
>
> The Court was most gracious in calculating Denham's sentence at between 84-105 months. The Court, in its discretion to not allow overkill, sentenced Denham to 60 months.
>
> Denham never admitted to the facts regarding the 5 enhancement points nor were the facts presented to a jury for finding. By law, Denham should have been sentenced at a Level 17, not 22; the difference being a range of between 51-63 months.

[Doc. 1 at 6, 8].

The Government filed an opposition to the petitioner's motion, and the petitioner replied. [Docs. 14, 15]. Magistrate Judge Limbert recommended that the Court deny Denham's motion. [Doc. 16]. The petitioner objected to the Magistrate Judge's findings, and the Government responded. [Docs. 17, 18].

## II. Legal Standard

Case No. 1:04cv1721
Gwin, J

A. *Section 2255*

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges to be in violation of federal law. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
>
> 2) That the court was without jurisdiction to impose such sentence;
>
> 3) That the sentence exceeded the maximum authorized by law; or
>
> 4) That the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1963); 28 U.S.C. § 2255.

To prevail on a section 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Meanwhile, to prevail on a section 2255 motion alleging non-constitutional error, the movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)).

B. *Ineffective Assistance Of Counsel*

To prevail on a claim that counsel's assistance was constitutionally ineffective, a movant under section 2255 must pass a two-pronged test. First, he must show that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment.

-7-

Case No. 1:04cv1721
Gwin, J

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

Second, the movant must show that the deficient performance prejudiced the defense so seriously as to deprive him of a fair trial. *Id.* at 687. The movant meets the second prong of the test by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The *Strickland* standard applies to guilty pleas as well. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 697.

## III. Analysis

*A. Ground One: Sixth Amendment/Ineffective Assistance Of Counsel*

Petitioner Denham faults her attorney for not making a Sixth Amendment challenge to the three offense level enhancements assessed at sentencing. According to Denham, "[i]t is evident that Defense Counsel was not knowledgeable of the law requiring juries, not the Probation Department or the Judge, making [sic] findings regarding enhancement of sentences." [Doc. 1 at 7]. The Government responds that defense counsel was diligent and effective in negotiating the plea agreement, and that Denham does not demonstrate prejudice. Magistrate Limbert agreed with the Government.

The Court agrees with Magistrate Limbert that Attorney Fleming provided effective representation in negotiating the plea agreement on Denham's behalf. Defense counsel negotiated for the dismissal of the robbery charge in Count 3, and for a lower term of incarceration on the

Case No. 1:04cv1721
Gwin, J

conspiracy charge in Count 7. Based on the parties' stipulated total offense level of 23 and Denham's Criminal History Category of VI, Denham faced a sentencing range of 92-to-115 months' incarceration on the conspiracy charge.[2] [Doc. 14 ex. 2 at 4]. However, defense counsel negotiated for a sentence of 60 months' incarceration, 24 months of which were to be served concurrently with Denham's sentence from the Central District of California. Denham thus only faced an additional 24 months' incarceration for the conspiracy charge.

Fleming also successfully moved to dismiss a six-level increase due to the use of a firearm during the bank robbery. Fleming argued, and the Government and Court agreed, that the weakness of the evidence precluded such an increase.

In objecting to the Report and Recommendation, Denham says that Fleming was ineffective for failing to argue against the three offense level enhancements assessed at sentencing, apparently based on the Supreme Court's rulings in *Blakely v. Washington*, 540 U.S. 965 (2004), and *U.S. v. Booker*, 543 U.S. 220 (2005). [Doc. 18]. The Court notes that neither *Blakely* nor *Booker* were decided until after Denham's sentencing in August 2003. Therefore, defense counsel could not have been ineffective for failing to argue against the enhancements based on those cases. The fact that Denham stipulated to the facts underlying the enhancements also eviscerates this argument. As the Supreme Court noted in *Blakely*, the prosecution "is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." 542

---

[2] The stipulated offense level of 23 included a two-level downward departure for Denham's acceptance of responsibility. At sentencing, the Court granted Denham a three-level downward departure for acceptance of responsibility. [Doc. 146 at 4]. Neither party objected to the three-level downward departure. Applying the three-level downward departure, the Court found that Denham's total offense level was 22. *Id.* With a total offense level of 22 and a Criminal History Category of VI, Denham faced a sentencing range of 84-to-105 months. Even under the lower total offense level, defense counsel negotiated a significantly shorter term of incarceration than recommended by the U.S. Sentencing Guidelines.

-9-

Case No. 1:04cv1721
Gwin, J

U.S. at 310.

For the above stated reasons, the Court overrules Petitioner Denham's first ground for relief.

*B. Ground Two: Fifth Amendment/Sixth Amendment/Ineffective Assistance Of Counsel*

Denham's second ground for relief overlaps with her first ground. Citing *Blakely*, Denham says that she "never admitted to the facts regarding the 5 enhancement points nor were the facts presented to a jury for finding." [Doc. 1 at 8]. Both the Government and the Magistrate Judge point out that the petitioner stipulated to the facts underlying the enhancements in her plea agreement and at her change of plea. Denham offers nothing new in her objection to the Report and Recommendation, merely citing *Blakely*, *Booker*, and *United States v. Fanfan*, 542 U.S. 956 (2004), for the proposition that "juries - not judges - should consider factors that can add years to a defendant's prison sentence." [Doc. 18 at 1].

As previously discussed, Denham's argument ignores the fact that the enhancements were proper in light of the facts to which she stipulated. *See Blakely*, 542 U.S. at 310.

The Court overrules Petitioner Denham's second ground for relief.

*C. Evidentiary Hearing*

Denham requests an evidentiary hearing on these matters. Because the pleadings and case record conclusively show that Denham is not entitled to relief, such a hearing is unnecessary. *See Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).

IV. Conclusion

This action is dismissed. For the reasons discussed above, the Court finds that Dina Cherie Denham's section 2255 motion lacks merit and, consequently, **DENIES** the motion. The Court adopts the recommendations of the Magistrate Judge. Further, the Court certifies, pursuant to 28

Case No. 1:04cv1721
Gwin, J

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: January 10, 2006                                s/       *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE